IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAUL PALMERIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) No. 09-2579-CM ) |
| JOHNSON COUNTY, KANSAS BOARD OF COUNTY COMMISSIONERS, | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Paul Palmerin brought this action against defendant Johnson County, Kansas Board of County Commissioners ("the County"), alleging claims of race discrimination (brought under 42 U.S.C. § 1981 and 42 U.S.C. § 1983), First Amendment violation (brought under 42 U.S.C. § 1983), and state law retaliatory discharge. The court dismissed all but the retaliatory discharge claim at the summary judgment stage. A jury trial was held from June 13 to 24, 2011. The jury returned a verdict for plaintiff and awarded him $561,000 in front pay, $113,000 in back pay, and $100,000 in compensatory damages. Before the court is defendant's omnibus Motion for Judgment as a Matter of Law, Motion for a New Trial, Motion for Remittitur, and/or to Amend or Alter Judgment as a Matter of Law (Doc. 84). For the reasons set out below, the court grants defendant's motion.

**I.      Factual and Procedural Background**

The factual background of this case has been well-documented in this court's prior orders. In brief, plaintiff, a Hispanic male now in his mid-fifties, was employed as a crew leader by defendant in the Wastewater Department from on or about August 27, 1997, until he was discharged on

February 11, 2009. Defendant contended plaintiff's employment was terminated for his use of racial slurs in the workplace, specifically, reports that he called two Hispanic crew members "wetback" or "backwet."[1] Plaintiff denied ever using a racial slur and argued that this allegation, as defendant's proffered reason for terminating him, was pretextual. Instead, plaintiff argued that he was terminated for his reports of coworker misconduct. Additional facts are set out as necessary in the discussion that follows. Having carefully reviewed the briefing submitted and being fully aware of the history of this case, including the evidence presented at trial, the court makes the following rulings.

## II.  Judgment as a Matter of Law

The sole claim at trial was retaliatory discharge. To prevail, plaintiff was required to establish the following by clear and convincing evidence:

(1) a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare;

(2) the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee;

(3) the whistle-blowing must have been done out of a good faith concern over the wrongful activity reported rather than from a corrupt motive such as malice, spite, jealousy, or personal gain; and

(4) the employer discharged the employee in retaliation for making the report.

Defendant seeks judgment as a matter of law pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff allegedly used the term "backwet" to disparage a Hispanic employee's tendency to confuse the pronunciation of English words.

50(b) on the basis that there was not legally sufficient evidence to support the jury's findings with regard to the first and fourth elements of plaintiff's claim; and defendant argues the Kansas Tort Claims Act ("KTCA") damages cap applies to limit any judgment.

*Legal Standard*

In reviewing a motion for judgment as a matter of law, this court must determine whether the evidence, viewed in the light most favorable to the nonmoving party, presents a disagreement sufficient to mandate submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993). The court is mindful that judgment as a matter of law should be "cautiously and sparingly granted." *Black v. M & W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001) (quoting *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996)). Granting such a motion is appropriate only if the evidence "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1293 (10th Cir. 2002) (quotation omitted); *see also Freeman v. Gerber Prods. Co.*, 506 F. Supp. 2d 529, 534–35 (D. Kan. 2007). The court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its conclusions for those of the jury. *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001) (quotation omitted). However, judgment as a matter of law must be entered if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law. *Roberts v. Progressive Independence, Inc.*, 183 F.3d 1215, 1219–20 (10th Cir. 1999) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1546 (10th Cir. 1996)).

**Evidence that coworkers engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare**

In returning a verdict for plaintiff, the jury found that plaintiff was unlawfully terminated

from his job with the Johnson County Wastewater Department for making reports concerning misconduct by other employees.  Plaintiff's evidence at trial centered on the reporting of four specific incidents: a June 2008 incident in which a crew leader, Kevin Boggs, was not wearing a hard hat when he was allegedly directed to; a December 2008 incident in which an employee, allegedly Mr. Boggs, removed or took from a common area several personal photographs belonging to plaintiff and others; the alleged vandalization of employee Ron Rutledge's cell phone; and the alleged unlawful use by Mr. Boggs of county property, specifically, personal use of a tire machine.

Defendant argues these are mere workplace disputes or reports of workplace rule violations that, as a matter of law, cannot support a whistle-blower claim.  In other words, defendant argues that it is entitled to judgment as a matter of law because plaintiff failed to submit evidence that he reported violations of rules, regulations, or the law pertaining to public health, safety, and general welfare.

A review of the applicable Kansas law is merited.  Kansas is an at-will employment state, which means that either employer or employee "may terminate the employment relationship at any time with or without cause." *Wiggins v. Hous. Auth. of Kan. City*, 916 P.2d 718, 721 (Kan. Ct. App. 1996).  Kansas courts have established exceptions to this general rule, however, including that an employer may not terminate an employee for reasons that "seriously contravene[ ] a very clear public policy." *Morriss v. Coleman Co., Inc.*, 738 P.2d 841, 848 (Kan. 1987).  The so-called whistle-blower's exception was first announced in *Palmer v. Brown*, 752 P.2d 685 (Kan. 1988).  Known as wrongful or retaliatory discharge, this cause of action makes it tortious to "terminat[e] . . . an employee in retaliation for the good faith reporting of *a serious infraction of . . . rules, regulations, or the law* by a co-worker or an employer to either company management or law enforcement officials." *Palmer*, 752 P.2d at 689–90 (emphasis added).

-4-

Since this exception was articulated in *Palmer*, a number of Kansas cases—state and federal— have addressed what types of reporting fall within its protection. *Palmer* itself involved an employee's reporting of allegedly illegal and unethical Medicaid billing practices. *Palmer*, 752 P.2d at 686; *see also Conrad v. Bd. of Johnson Cnty. Comm'rs*, 237 F. Supp. 2d 1204, 1265–70 (D. Kan. 2002) (noting *Palmer* created "a hard test to satisfy"; holding county employee's disagreement with supervisor and reporting to Kansas Board of Nursing of what she believed to be "inadequate, unprofessional, and illegal" medical care of patient was not report of illegal activity to higher authority as required to support retaliatory discharge for whistle-blowing); *Goenner v. Farmland Indus., Inc.*, 175 F. Supp. 2d 1271, 1280 (D. Kan. 2001) (applying Kansas law, holding that statement by employee at oil refinery to refinery manager that spill at refinery involved refined product, rather than crude oil, as manager's superior had reported to state and federal officials, did not constitute whistle-blowing, and thus employee's termination did not violate state public policy; discussion with refinery manager did not reveal alleged wrongdoing to wrongdoer's superiors in corporate management or to law enforcement officials as Kansas law required); *Boe v. AlliedSignal, Inc.*, 131 F. Supp. 2d 1197, 1204 (D. Kan. 2001) (holding plaintiff's conveyance of refusal to sign management representation letters to supervisor was mere "disagreement" or "taking a stand," not whistle-blowing; however, no dispute that reports of improper accounting practices could support retaliatory discharge claim); *Shaw v. Sw. Kan. Groundwater Mgmt. Dist. Three*, 219 P.3d 857, 863–65 (Kan. Ct. App. 2009) (holding that employee's waste-of-water report concerning water runoff on farmland operated by president of district's board of directors concerned a serious infraction of a clearly defined public policy; complaint to board about executive director's order prohibiting him from sending notice about president's waste-of-water violation supported retaliatory discharge claim: employee indicated that the runoff presented a safety hazard, and State had a strong

public interest in groundwater management); *Fowler v. Criticare Home Health Servs., Inc.*, 10 P.3d 8, 14–15 (Kan. Ct. App. 2000), *aff'd* 26 P.3d 69 (Kan. 2001) (holding employee's disagreement with supervisor over legality of a shipment of guns and refusal to ship the guns "did not qualify as internal report to management of illegal coworker or company conduct"); *Moyer v. Allen Freight Lines, Inc.*, 885 P.2d 391, 395 (Kan. Ct. App. 1994) (holding employee's mention of equipment failures to Department of Transportation (DOT) inspector while truck was being inspected did not rise to level of reporting to outside agency serious infraction of rule, regulation, or law affecting public health, safety, or general welfare, for purposes of whistle-blower exception to employment at-will).

In this case, plaintiff's evidence at trial centered on his reports of four incidents.[2] The court evaluates each in light of the precedent set out above.

First, plaintiff reported a June 2008 incident at the Turkey Creek plant in which Mr. Boggs was not wearing a hard hat when he was allegedly directed to. There was dispute at trial about whether a supervisor had required that hard hats be worn at the site; there was dispute about whether signs were posted at the site requiring hard hats; there was dispute about whether Johnson County's own policies required a hard hat under the circumstances. At trial, plaintiff suggested that OSHA regulations might apply, but plaintiff did not dispute defendant's assertion that it was exempt from OSHA as a matter of law, *see* 29 U.S.C. § 652(6); and plaintiff did not suggest that hard hats were required by any state or federal regulation or law pertaining to public health and safety.

Second, plaintiff reported a December 2008 incident in which an employee, allegedly Mr. Boggs, removed several personal photographs belonging to plaintiff and others from a common area

---

[2] Plaintiff's written reports were submitted to defendant's Human Resources Department in accord with defendant's reporting policies. There is no dispute, for purposes of this motion, that plaintiff made his reports to company management as required by *Palmer*.

at the workplace. The photographs were never located and no police reports were made. Plaintiff suggested at trial that this amounted to theft of personal property.

Third, plaintiff reported the alleged vandalization of employee Ron Rutledge's cell phone. It was disputed, at trial, whether the phone was damaged at all, or whether any damage was merely caused by age and normal wear and tear.

Finally, plaintiff reported Mr. Boggs' alleged unlawful use of county property, specifically, personal use of a tire machine. There was no evidence of value associated with such use. Although Mr. Boggs' use of the tire machine constituted a violation of county personnel policy, plaintiff pointed to no violation of the law or of clearly defined public policy.

To prevail on a retaliatory discharge claim, plaintiff is first required to establish, by clear and convincing evidence, that a reasonably prudent person would have concluded that plaintiff's co-worker or employer was violating rules, regulations, or the law pertaining to public health, safety, and general welfare. The public policy of protecting employees from retaliatory discharge for whistle-blowing is to ensure that infractions of rules, regulations, or laws pertaining to public health and safety are properly reported. *Moyer*, 885 P.2d at 394 (citing *Palmer*, 752 P.2d at 689–90).

At the summary judgment stage, plaintiff argued that he was terminated for his reports of: "theft; vandalism or destruction of property; unsafe working practices or conditions; race and sex discrimination; retaliation and harassment; workers' compensation retaliation; and, improper personal use of government property." (Doc. 35 at 65.) He offered evidence suggesting that this misconduct was occurring at his workplace, and that his reports or complaints to management "unquestionably implicated . . . laws rules and regulations . . . deal[ing] with . . . matters of vital importance to the public's and his co-workers' health, safety, and welfare." (*Id*.) This court concluded that a reasonable jury might find, based on all the evidence viewed in a light most

favorable to plaintiff, that violations of rules, regulations, or the law were occurring. However, in light of all of the evidence actually presented to the jury, which surrounded only the four reported incidents described above, the court does not believe this is so.

Even if all factual disputes raised at trial are resolved in plaintiff's favor, the court's review of the factual circumstances in other cases leads it to conclude that, as a matter of law, the reports made by plaintiff in this case do not concern "serious infraction[s] of . . . rules, regulations, or the law," and are not the type of protected whistle-blowing activity that the public-policy exception was meant to create a remedy for.[3] Indeed, protecting this type of reporting would erode the employment-at-will doctrine. *See Moyer*, 885 P.2d at 394 (citing *Herman v. W. Fin. Corp.*, 869 P.2d 696 (Kan. 1994)). After careful review and consideration, the court concludes that there is not a legally sufficient evidentiary basis for the verdict with respect to the first element of plaintiff's retaliatory discharge claim, and that defendant is entitled to judgment as a matter of law. The court is mindful that this is an extraordinary remedy. But in light of the controlling case law as applied to the circumstances of this case, plaintiff's retaliatory discharge claim should not have reached a jury. In light of this ruling, the court declines to address defendant's remaining arguments.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment as a Matter of

---

[3] The reporting of a coworker's personal use of county property does present a closer call for the court. *Doud v. Countrywide Home Mortg. Loan*, No. 96-2079-JWL, 1997 WL 292127, at *10 (D. Kan. May 5, 1997) (holding that "[a] jury could conclude that the conduct reported by plaintiff—the use of the company's Federal Express account and postage meter—constituted criminal theft" and thus "falls within the ambit of *Palmer*"; rejecting as legally insignificant the argument that the misappropriation was minor and was remedied); *see also Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 880 (Ill. 1981) (involving reporting, to law enforcement, a coworker's theft from the employer of what might have been "nothing more than a $2 screwdriver"). Under the circumstances of this case, however, no reasonable person could conclude that the report constituted "good faith reporting of *a serious infraction of . . . rules, regulations, or the law* by a co-worker" as required for whistle-blower protection in Kansas.

Law, Motion for a New Trial, Motion for Remittitur, and/or to Amend or Alter Judgment as a Matter of Law (Doc. 84) is granted. The jury's verdict and award is vacated, and the Clerk of the Court is directed to enter judgment for defendant.

Dated this 5th day of December 2011, at Kansas City, Kansas.

s/ Carlos Murguia
CARLOS MURGUIA
United States District Judge
